IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LELAND W. HACKETT**,

      **Plaintiff,**

  vs.                                             No. 1:08-cv-0306 MCA/RHS

**ARTESIA POLICE DEPARTMENT,**
**et al.**,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant Artesia Municipal Judge Kaye Kiper's Motion to Dismiss* [Doc. 17], filed June 23, 2008. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the Motion should be **GRANTED.**

**I.   BACKGROUND**

Plaintiff *pro se* Leland W. Hackett filed a lawsuit in the Fifth Judicial District Court of the State of New Mexico alleging various constitutional, civil rights, and tort claims against numerous state and local officials. Defendants removed the action to federal court on March 21, 2008 based on subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. [Doc. 1.]

The claims asserted by Mr. Hackett arise out of three separate but related incidents involving encounters with the courts and law enforcement of Artesia, New Mexico. The

"First Incident" was an arrest following a traffic stop and search of his person that Mr. Hackett claims was unlawful. The "Second Incident" arises from the adjudication and attempt to appeal a citation, issued during the First Incident, for driving with a suspended license. The "Third Incident" involves a subsequent traffic stop and arrest that Mr. Hackett claims was based on evidence fabricated by several of the police officer defendants. Only the Second Incident is at issue on this Motion.

With respect to the Second Incident, Mr. Hackett alleges that on February 27, 2006, he received a citation for driving with a suspended license. [Doc. 1-3 at 3–4.] During the trial of the case on May 30, 2006 before Defendant Judge Kaye Kiper of the Artesia Municipal Court, Mr. Hackett claims he presented evidence that he had paid a $60 reinstatement fee to the State of Colorado. [Id. at 4.] He claims Judge Kiper nevertheless adjudicated him guilty of driving with a suspended Colorado drivers license and ordered him to pay $28 in court fees. [Id.]

Mr. Hackett did not pay the $28 fee and Judge Kiper issued a bench warrant for his arrest. On August 15, 2006, Mr. Hackett was arrested pursuant to the warrant. [Doc. 1-3 at 5.] Mr. Hackett complains that he was never afforded a show cause hearing to explain why he had not paid the fee. [Id.] He also claims that he made numerous motions protesting the jurisdiction of the Artesia Municipal Court to hear the case but that the motions did not appear in the transcript Judge Kiper certified. Based on the alleged omissions from the transcript, he accuses Judge Kiper of "tampering with public records in violation of NMSA 1978 30-26-1 (D) and (E)." [Id. at 10.]

Mr. Hackett also claims Judge Kiper conspired with Defendant Joyce Hatfield, the Clerk of Court for the Fifth Judicial District during the time in question, to prevent him from appealing the Municipal Court Judgment. [Doc. 1-3 at 12.] He further alleges that Judge Kiper conspired with the Artesia Police Department and the Pecos Valley Drug Task Force to have him arrested pursuant to the bench warrant so that he could coerced into becoming an informant. [Id. at 13.] He asserts claims against Judge Kiper for: (1) malicious prosecution; (2) conspiracy under 42 U.S.C. § 1985; (3) violations of the Fifth and Fourteenth Amendments to the United States Constitution; (4) violation of New Mexico Constitution Article II, Section 18; (5) violation of 42 U.S.C. § 1983; and (6) violation of the New Mexico Tort Claims Act. [Id.]

Judge Kiper moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the claims against her. [Doc. 18.] Mr. Hackett has responded [Doc. 23], and Judge Kiper has filed a reply brief [Doc. 31].

## II.     LEGAL STANDARDS

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007)). While a complaint attacked under Rule 12(b)(6) does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of the entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct.

at 1964–65 (citations omitted). The complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of the alleged conduct. See Twombly, 127 S.Ct. at 1965.

The Court accepts as true all well-plead allegations, and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, LLC, 493 F.3d at 1177. "Well-plead" means that the allegations are "plausible, non-conclusory, and non-speculative." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). The factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 127 S.Ct. at 1965. Overall, the complaint must "possess enough heft" to show that the pleader is entitled to relief. Twombly, 127 S.Ct. at 1965–66.

Judge Kiper argues that she is entitled to judicial immunity from liability for all claims asserted by Mr. Hackett. The Court agrees.

### III.   ANALYSIS

#### A.   Legal Standards

It is well established that a judge is absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000); Wiggins v. N.M. Supreme Court, 664 F.2d 812, 815 (10th Cir. 1981) (citing Stump v. Sparkman, 435 U.S. 348 (1978)). Judicial immunity applies even if the action taken was in error, was done maliciously, was in excess of the judge's authority, or flawed by the commission of grave procedural errors. Whitesel, 222 F.3d at 867. Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction

over a particular cause, so long as the actions are taken in the judge's judicial capacity. Stump, 435 U.S. at 356–58.

### B.  Alleged absence of jurisdiction

Mr. Hackett's first claim is that Judge Kiper did not have jurisdiction over a misdemeanor charge of driving with a suspended license.  He is mistaken.  According to the allegations in the complaint, Judge Kiper pronounced Mr. Hackett "guilty of driving with a suspended license in violation of a city ordinance." [Doc. 1-3 at 10.]  "Each municipal court has jurisdiction over all offenses and complaints under ordinances of the municipality and may issue subpoenas and warrants and punish for contempt."  NMSA 1978, § 35-14-2A (1988).  Thus, not only did Judge Kiper not act in the clear absence of all jurisdiction, but she acted clearly within her jurisdiction by adjudicating a misdemeanor offense of violating a municipal ordinance.

Mr. Hackett's argument based on Rules 8-111A and 8-111B of the New Mexico Rules of Procedure for Municipal Courts is without merit.  These rules state:

**Non-attorney prosecutions.**

A.  **Peace Officers and private citizens**.  Municipal police officers and individual private citizens acting in their own behalf may file criminal complaints against persons in the municipal court that has jurisdiction over the alleged offense.  Criminal complaints shall be limited to charges within the trial jurisdiction of the court.

B.  **Other authorized appearances**.  A municipal officer or employee may appear and prosecute any petty misdemeanor proceeding on behalf of the municipality if the municipality has authorized the officer or employee to institute or cause to be instituted an action on behalf of the governmental entity.

Rule 8-111A, 8-111B NMRA 1988.  These provisions do not define the Municipal Court's

jurisdiction. They simply states who, other than an attorney, is permitted to prosecute certain types of cases in Municipal Court.

Mr. Hackett's claims that the ordinance under which he was cited is vague and unconstitutional are beside the point. So long as Judge Kiper acted within the general subject matter of her jurisdiction, which she did, the claim is barred. Whitesel 222 F.3d at 868–69.

### C.  Bench warrant

Judge Kiper is also immune from claims associated with the issuance of a bench warrant for Mr. Hackett's arrest. Judge Kiper is expressly authorized by statute to issue warrants. NMSA 1978, § 35-14-2A. Even if she were not, she was performing a judicial act when she issued the warrant. Stump, 435 U.S. at 362 & n.12 ("Yet it would not destroy a judge's immunity if it is alleged and offer of proof is made that in issuing a warrant he acted erroneously and without principle."). Furthermore, a judge's intent in issuing a warrant is not relevant. Id.

Mr. Hackett claims the bench warrant was improper because he was not afforded a show cause hearing and because it was issued for the purpose of forcing him to act as an informant. However, assuming he was entitled to a show cause hearing, judicial immunity applies even if the "exercise of authority is flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359. And although there is no evidence presented that Judge Kiper acted maliciously, judicial immunity applies even if the act was "was done maliciously." Stump, 435 U.S. at 356–57.

### D. "Tampering" and Conspiracy

Judge Kiper is also immune from suit for allegedly "tampering" with the transcript. Overseeing preparation of transcripts is a judicial function. <u>Slavin v. Curry</u>, 574 F.2d 1256, 1263–64 (5th Cir. 1978), <u>overruled on other grounds by Sparks v. Duval County Ranch Co.</u>, 604 F.2d 976, 978 (5th Cir. 1979).

Finally, because Judge Kiper is immune from liability for each of the acts contributing to the alleged conspiracy, Mr. Hackett cannot state a claim for conspiracy. Accordingly, the conspiracy claim must be dismissed.

### IV. CONCLUSION

The Court concludes that Defendant Kaye Kiper's motion is well-taken and should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that *Defendant Artesia Municipal Judge Kay Kiper's Motion to Dismiss* [Doc. 17], filed June 23, 2008, is **GRANTED.** All claims against Defendant Kaye Kiper are **dismissed with prejudice.**

**SO ORDERED** this 24th day of December 2008**,** in Albuquerque New Mexico.

        **M. CHRISTINA ARMIJO**
        United States District Judge