IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LELAND W. HACKETT**,

      **Plaintiff,**

  vs.                                                       No. 1:08-cv-0306 MCA/RHS

**ARTESIA POLICE DEPARTMENT,
et al.**,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Motion and Memorandum in Support of Motion to Dismiss or in the Alternative Motion for Summary Judgment filed By Defendant Joyce Hatfield* [Doc. 13], filed April 21, 2008. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the Motion should be **GRANTED.**

**I.    BACKGROUND**

Plaintiff *pro se* Leland W. Hackett filed a lawsuit in the Fifth Judicial District Court of the State of New Mexico alleging various constitutional, civil rights, and tort claims against numerous state and local officials. Defendants removed the action to federal court on March 21, 2008 based on subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. [Doc. 1.]

The claims asserted by Mr. Hackett arise out of three separate but related incidents

1

involving encounters with the courts and law enforcement of Artesia, New Mexico. The "First Incident" was an arrest following a traffic stop and search of his person that Mr. Hackett claims was unlawful. The "Second Incident" arises from the adjudication and attempt to appeal a citation, issued during the First Incident, for driving with a suspended license. The "Third Incident" involves a subsequent traffic stop and arrest that Mr. Hackett claims was based on evidence fabricated by several of the police officer defendants. Only the Second Incident is at issue on this Motion.

With respect to the Second Incident, Mr. Hackett alleges that on February 27, 2006, he received a citation for driving with a suspended license. [Doc. 1-3 at 3–4.] During the trial of the case on May 30, 2006 before Judge Kaye Kiper of the Artesia Municipal Court, Mr. Hackett claims he presented evidence that he had paid a $60 reinstatement fee to the State of Colorado. [Id. at 4.] He claims Judge Kiper nevertheless adjudicated him guilty of driving with a suspended Colorado drivers license and ordered him to pay $28 in court fees. [Id. at 4.] He further alleges that he was given a form Agreement to Pay Fine and Fees ("Agreement"), but did not sign it. [Id. at 4, 20.]

Mr. Hackett alleges that on June 8, 2006, he went to the Fifth Judicial District Court to attempt to appeal the Municipal Court judgment. [Doc. 1-3 at 5.] He was told by a clerk there that the District Court would not accept the unsigned Agreement for filing. [Id. at 5.] He then "asked the clerk if she would contact the Artesia Municipal Court and have them fax the judgment of the Artesia Municipal Court." [Id. at 5.] According to Mr. Hackett, "[t]wo District Court clerks, a male and a female, who are unknown at this time, conferred with each

other for a few minutes. After conferring, the female clerk told Plaintiff and witness Dorothy Wade to return after lunch. Upon returning, the clerk told Plaintiff and Ms. Wade that Artesia Municipal Court's fax machine was broken and that the Municipal Court could not send the document." [Id. at 5.] On June 9, 2006, Mr. Hackett claims he went to the Municipal Court and observed a sign posted on the door which stated that the Artesia Municipal Court would be closed for three weeks due to in-house training. [Id. at 5.] Mr. Hackett asserts that he was unable to file his appeal as a result of these obstacles.

Defendant Joyce Hatfield allegedly was the Clerk of Court for the Fifth Judicial District during the time in question. The only allegations specifically against Ms. Hatfield are that she conspired with Judge Kiper (also a defendant in this case) and unknown clerks "and denied Plaintiff access to the Court and blocked Plaintiff's appeal." [Doc. 1-3 at 12.] He asserts claims against Ms. Hatfield for: (1) malicious prosecution; (2) conspiracy under 42 U.S.C. § 1985; (3) violations of the Fifth and Fourteenth Amendments to the United States Constitution; (4) violation of New Mexico Constitution Article II, Section 18; (5) violation of 42 U.S.C. § 1983; and (6) violation of the New Mexico Tort Claims Act. [Id. at 13.]

Ms. Hatfield moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the claims against her, or alternatively, for summary judgment. [Doc. 13.] Mr. Hackett failed to file a response within the time limits prescribed by D.N.M. LR-Civ. 7.6, or at any time thereafter. The record does not indicate that Mr. Hackett filed a motion for leave to extend the deadline for filing such a response or any additional papers related to Ms. Hatfield's motion.

## II.     SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(c), the Court may enter summary judgment when the motion papers, affidavits, and other evidence submitted by the parties show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. See id. at 248. Judgment is appropriate "as a matter of law" if the non-moving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998).

Mr. Hackett, a *pro se* party, has failed to respond to Ms. Hatfield's motion. A *pro se* litigant, however, is not excused from following the rules. The Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). By failing to file a response the nonmoving party waives the right to controvert the facts asserted in the summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002); D.N.M.LR-Civ. 56.1(b). The Court should accept as true all material facts asserted and properly supported in the summary judgment motion.

The Federal Rules of Civil Procedure specifically contemplate the consequences of

failing to oppose a summary judgment motion.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).  In applying the procedure set forth in Fed. R. Civ. P. 56, the Court may consider any undisputed material facts set forth in the motion papers which are deemed admitted by operation of D.N.M. LR-Civ. 56.1.  See LaMure v. Mut. Life Ins. Co. of N.Y., No. 95-2172, 1997 WL 10961, at *1 (10th Cir. Jan. 14, 1997) (unpublished); Smith v. E.N.M. Med. Ctr., Nos. 94-2213, 94-2241, 1995 WL 749712, at *4 (10th Cir. Dec. 19, 1995) (unpublished disposition). Application of D.N.M. LR-Civ. 56.1 is consistent with the Tenth Circuit's holding in Reed, 312 F.3d at 1195, which specifically instructs that the "court should accept as true all material facts asserted and properly supported in the summary judgment motion" under these circumstances.

The failure to respond, however, is not a sufficient basis alone on which to enter summary judgment against the party.  Furthermore, the Court does not construe Mr. Hackett's failure to respond as an indication of his consent to grant the motion under D.N.M. LR-Civ. P. 7.1(b).  The burden to respond shifts to the nonmoving party only if the moving party meets its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  Reed, 312 F.3d at 1194–95.

### III. ANALYSIS

#### A. "Broken fax machine" claim

Mr. Hackett bases his claims in part on allegations that he asked clerks in the District Court to contact the Artesia Municipal Court "and have them fax the judgment of the Artesia Municipal Court" and was then told by the clerks that the Artesia Municipal Court's fax machine was broken. [Doc. 1-3 at 5, 13.] The significance of these allegations appears to be that he was unable to obtain a copy of the judgment against him when he went to file his appeal in the District Court.

Even assuming the facts alleged are true, and further assuming that Ms. Hatfield was involved in this incident, the allegations are insufficient to state a claim against her. The burden of obtaining the papers necessary to file an appeal is on the person taking the appeal, not the court clerk. Rule 8-703 NMRA 2004 (prescribing procedure for taking an appeal from municipal court). The court clerk was therefore under no duty to obtain a copy of the Municipal Court judgment for Mr. Hackett, by fax or otherwise.

Furthermore, a copy of the judgment is not necessary to file an appeal in District Court; the judgment is filed subsequently with the record. Rule 8-703B NMRA 2004 (appeal is taken by filing a notice of appeal); Rule 8-703E NMRA 2004 (appeal is docketed upon filing of the notice of appeal, proof of service, and payment of docket fee); Rule 8-703F NMRA 2004 (record on appeal, including copy of judgment is due within 15 days of filing the notice of appeal). Thus, neither the absence of a copy of the judgment, nor the court clerk's telling Mr. Hackett that the fax machine was broken could have been responsible for

his alleged inability to file a notice of appeal.  Mr. Hackett cannot prevail against Ms. Hatfield on any claims based on these allegations, and such claims therefore must be dismissed.

> **B.** **Court clerk's alleged failure to accept documents for filing**

Mr. Hackett's other claims against Ms. Hatfield are based on the allegation that the "court clerks of the Fifth Judicial District refused to accept the unsigned AGREEMENT as a proper document in which to file an appeal."[1]  [Doc. 1-3 at 13.]  Ms. Hatfield argues that she is entitled to absolute quasi-judicial immunity for the alleged failure to file appeal documents.  The Court agrees.

The Court first notes that Mr. Hackett does not allege he was prevented from filing a notice of appeal.  A notice of appeal, along with proof of service and the docketing fee, is the only document necessary to perfect an appeal from a Municipal Court Judgment.  Rule 8-703E NMRA 2004.  The Agreement, as well as the judgment, is part of the record on appeal to be filed subsequent to the notice of appeal.  Thus, the court clerk's alleged failure to file the Agreement did not prevent Mr. Hackett from taking an appeal.

It is well established in the Tenth Circuit that a judge is absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction.  <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000).  Judicial immunity applies even if the action taken was in error, was done maliciously, was in excess of the judge's authority, or

---

[1] It is unclear from the Complaint whether any of these unnamed clerks is Ms. Hatfield. Construing his *pro se* Complaint liberally, the Court assumes that Mr. Hackett intends to apply these allegations against Ms. Hatfield.

flawed by the commission of grave procedural errors. <u>Whitesel</u>, 222 F.3d at 867. This same immunity may extend "to persons other than a judge when performance of judicial acts or activity as an official aid of the judge is involved...[or] their duties had an integral relationship with the judicial process." <u>Whitesel</u>, 222 F.3d at 867 (citations and quotation marks omitted).

Court clerks are generally entitled to absolute judicial immunity when performing "quasi-judicial" duties. <u>Henriksen v. Bentley</u>, 644 F.2d 852, 855 (10th Cir. 1981). The filing of court documents by court clerks is an activity that has an integral relationship to the judicial process. <u>Wymore v. Green</u>, 245 Fed.Appx. 780, 783, 2007 WL 2340795 (10th Cir. 2007) (unpublished). Absolute quasi-judicial immunity has thus been held to extend to defendants who perform this function. <u>Coleman v. Farnsworth</u>, 90 Fed.Appx. 313, 317, 2004 WL 339590 (10th Cir. 2004) (citing with approval cases from other circuits holding that court clerks enjoy absolute quasi-judicial immunity from liability for failing to accept documents for filing).

In allegedly refusing to accept documents for filing, Ms. Hatfield was engaging in an activity that has an integral relationship to the judicial process. The Court concludes that she has established that she is entitled to absolute quasi-judicial immunity and is therefore is entitled to judgment as a matter of law.

Furthermore, because Ms. Hatfield is entitled to absolute quasi-judicial immunity, Mr. Hackett cannot prevail on his Section 1983, 1985, and 1986 claims.

### IV. CONCLUSION

The Court concludes that Defendant Joyce Hatfield's motion is well-taken and should be **GRANTED**.

**IT IS, THEREFORE, ORDERED** that the *Motion and Memorandum in Support of Motion to Dismiss or in the Alternative Motion for Summary Judgment filed By Defendant Joyce Hatfield* [Doc. 13], filed April 21, 2008, is **GRANTED.** All claims against Defendant Joyce Hatfield are **dismissed with prejudice.**

**SO ORDERED** this 24th day of December 2008**,** in Albuquerque New Mexico.

                                                        **M. CHRISTINA ARMIJO**
                                                        United States District Judge